IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRED LAMPKIN, JR., | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2170 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Fred Lampkin, Jr., a state inmate proceeding *pro se*, filed this section 2254

habeas petition challenging the duration of his confinement.  Respondent filed a motion for

summary judgment based on expiration of limitations.  (Docket Entry No. 14.)  The

certificate of service for the motion reflects that petitioner was served a copy of the motion

on September 25, 2009.  *Id.*, p. 11.  Despite expiration of a reasonable period of time in

excess of thirty days, petitioner has failed to file any opposition to the motion.

Based on consideration of the motion, the record, and the applicable law,  the Court

**GRANTS** the motion for summary judgment and **DISMISSES** this case, as shown below.

## I.  BACKGROUND

Petitioner was convicted of aggravated assault and possession of a firearm by a felon

on September 11, 1990, and sentenced to twenty-five years imprisonment on each conviction,

to run concurrently.  While incarcerated, petitioner was convicted of aggravated assault and

sentenced to ten years imprisonment, which was ordered to run *consecutively* to the earlier aggravated assault conviction.  On July 27, 2006, petitioner filed a time credit dispute with prison officials, complaining that his prison records reflected that he was to serve thirty-five years incarceration, which erroneously added ten years to his sentence.  Prison officials informed him that the prison's time calculations of his sentences were correct.  Petitioner's state habeas application, raising the same time calculation challenge, was filed on January 12, 2009, and denied by the Texas Court of Criminal Appeals on April 1, 2009.

Petitioner filed the instant federal habeas petition on July 7, 2009, again challenging the prison's time calculations.  Respondent argues that the petition should be dismissed as time barred.

## II.  ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)    the date on which the constitutional right asserted was initially
>         recognized by the Supreme Court, if the right has been newly
>
>         recognized by the Supreme Court and made retroactively
>         applicable to cases on collateral review; or
> (D)     the date on which the factual predicate of the claim or claims
>         presented could have been discovered through the exercise of
>         due diligence.
>
> (2)    The time during which a properly filed application for State post-conviction
>        or other collateral review with respect to the pertinent judgment or claim is
>        pending shall not be counted toward any period of limitation under this
>        subsection.

28 U.S.C. §§ 2244(d)(1)-(2).

In his more definite statement, petitioner stated that he became aware of the purported erroneous addition of ten years to his sentence on July 10, 2006, and filed his administrative time credit dispute under Texas Government Code section 501.0081(b)(2) on July 27, 2006. (Docket Entry No. 4, pp. 1-2.) Respondent argues that petitioner's one-year limitation thus commenced at the latest on July 27, 2006, and expired one year later on or about July 27, 2007, absent statutory tolling considerations. (Docket Entry No. 14, p. 5.)

The tolling consideration to be accorded – or not accorded – section 501.0081(b)(2) time credit dispute proceedings for purposes of the AEDPA limitation is unsettled. *See*, *e.g.*, *Lynch v. Director*, 2009 WL 2905851 (E.D. Tex. 2009). Under the most conservative of possible analyses in favor of petitioner in the instant case, limitations was tolled from July 27, 2006, to May 9, 2007 (that is, from commencement of limitations to denial of the time credit dispute), such that limitations expired on May 9, 2008. Petitioner's application for

3

state habeas relief, filed on July 7, 2009, was filed after expiration of limitations and had no

tolling effect for purposes of AEDPA. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.

2000) (noting that the AEDPA statute of limitations is not tolled by a state habeas corpus

application filed after the expiration of the limitations period). Nor do the records before this

Court show grounds for additional statutory or any equitable tolling. *See* 28 U.S.C. §§

2244(d)(1)(C), (D); *Larry v. Dretke*, 361 F.3d 890, 896-97 (5th Cir. 2004). Accordingly, the

instant petition is untimely, and respondent is entitled to summary judgment dismissing this

petition as barred by limitations.

Even assuming this petition were timely filed, petitioner's challenge to his time

calculation is without merit. Petitioner's ten-year sentence was expressly ordered to run

*consecutively* to his twenty-five year sentence; that is, his sentences were "stacked," as

acknowledged by petitioner in his more definite statement. As such, the ten-year sentence

does not commence until petitioner's completion of his twenty-five year sentence. Petitioner

shows neither error nor a constitutional violation regarding the prison's time calculation of

his sentence.

### III. CONCLUSION

The motion for summary judgment (Docket Entry No. 14) is **GRANTED** and this

case is **DISMISSED WITH PREJUDICE** as barred by limitations. A certificate of

appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

4

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on this the ___ day of November, 2009.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE